The sole question presented in this case is whether the tax imposed by Act No. 4 of the Legislature at its extra session in 1928 is a property or a license tax.
In the case of the Fleischmann Co. v. Conway (No. 29808 on the docket of this court), 122 So. 845,[1] we held, in an opinion this day handed down, that the tax was not a property tax but a license tax.
For the reasons assigned in that case the judgment herein appealed from is affirmed. *Page 560 
O'NIELL, C.J., is of the opinion that the tax in question is, in effect, not a license tax but a tax on the right of possession or ownership of the property, and hence a tax on the property itself, in excess of the constitutional limitation, because the so-called dealer, as defined by the statute, embraces every possessor of malt, whether "for distribution, sale, or use."
[1] Ante, p. 547.